# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0536V
UNPUBLISHED

| | |
|---|---|
| CHARLES BRANDT,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 17, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Theodore J. Hong*, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.

*Adriana Ruth Teitel*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On April 11, 2019, Charles Brandt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on September 30, 2017. Petition at 1. Petitioner further alleges that his vaccine related injuries have lasted more than six months after the administration of the vaccine. Petition at 6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 22, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On February 17, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $178,969.98, for all damages, including $165,000.00 representative of pain and suffering, and $13,969.98 representative of out-of-pocket medical and related expenses. Proffer at 1. In the Proffer,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>178,969.98</u>,** for all damages (including $165,000.00 representative of pain and suffering, and $13,969.98 representative of out-of-pocket medical and related expenses) **in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CHARLES BRANDT,<br><br>     Petitioner,<br><br>  v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | No. 19-536V<br>Chief Special Master Corcoran (SPU)<br>ECF |

## PROFFER ON AWARD OF COMPENSATION

**I.** **Procedural History**

On April 11, 2019, Charles Brandt ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. He alleges that, as a result of receiving the influenza vaccine on September 30, 2017, he suffered from Guillain-Barre Syndrome ("GBS"). *See* Petition at 1, 6. On May 22, 2020, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe, and the Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. ECF No. 26; ECF No. 27.

**II.** **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$178,969.98,** for all damages, including $165,000.00 representative of pain and suffering, and $13,969.98 representative of out-of-pocket medical and related expenses. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$178,969.98** in the form of a check payable to petitioner.[1]  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-3677

Dated: February 17, 2021

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.